ESTATE OF JAMES E. WALSH, DECEASED, PORTLAND TRUST BANK, AN OREGON CORPORATION, ADMINISTRATOR, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

JAMES A. WALSH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 57763, 60786. Filed September 30, 1957.

*H. Myron Gleason, Esq.*, for the petitioners.
*Wendell M. Basye, Esq.*, for the respondent.

#### OPINION.

MULRONEY, *Judge:* In these consolidated cases respondent determined deficiencies in income tax for the year 1952 of petitioner James E. Walsh (Docket No. 57763) in the sum of $2,596.15, and of petitioner James A. Walsh (Docket No. 60786) in the sum of $1,778.08. After the trial and submission of Docket No. 57763 the petitioner James E. Walsh died and thereafter by order of the Court, the Estate of James E. Walsh, Deceased, Portland Trust Bank, an Oregon Corporation, Administrator, was substituted as petitioner. For convenience we will hereafter refer to the petitioner in Docket No. 57763 as meaning the decedent or name the original petitioner James E. Walsh.

The two petitioners were partners and the main question, central to both dockets, is whether a payment by the partnership for legal services in connection with a divorce proceeding against James E. Walsh is primarily a personal expense and thus not deductible in determining the petitioners' distributable shares of partnership income. A second question, in the James E. Walsh case only, is whether he was entitled to the exemption credit for a spouse, provided for in section 25 (b) of the Internal Revenue Code of 1939, for the taxable year 1952.

The following stipulated facts will suffice to present the issues. James A. Walsh is the father of James E. Walsh and during 1952 they were equal partners in the ownership and operation of a business

known as the Builders Exchange Building in Portland, Oregon. They filed their individual income tax returns for the calendar year 1952 with the district director of internal revenue at Portland, Oregon.

On July 18, 1952, Anne Walsh, the then wife of petitioner James E. Walsh, filed a divorce complaint in the Circuit Court of the State of Oregon for the County of Clackamas (Case No. 43770) praying for the dissolution of the marriage contract between the parties and that the plaintiff, Anne Walsh, be awarded the interest of the defendant, petitioner herein, in several businesses, including the partnership business of Builders Exchange Building.

The above Circuit Court entered its decree on December 6, 1952, ordering, adjudging, and decreeing, "that plaintiff be and she is hereby awarded a decree of divorce dissolving absolutely the marriage contract heretofore entered into and now existing by and between plaintiff [Anne Walsh] and defendant [James E. Walsh], * * *." The decree recited the provisions of a property settlement previously entered into by the parties and approved the same as a determination of the parties' property rights. The property settlement agreement gave Anne Walsh certain property rights but it did not award to her the interest of James E. Walsh in the partnership.

On December 29, 1952, Anne Walsh filed in said above-named Circuit Court a "Motion to Vacate Decree." While this pleading appears to move for an order setting aside the "decree as a whole," it is in the main an attack on the property rights determination of the decree—alleging "mistake, inadvertence, surprise and excusable neglect." This motion was heard on January 5, 1953, and on January 24, the Court entered its order overruling same, the order stating, in part:

it appearing to the Court that at the time the plaintiff entered into the property settlement agreement on the 3rd day of December, 1952, she was in a normal state of mind, realizing fully the terms of the property settlement agreement, and further, that the said property settlement agreement was a just settlement between the parties, * * * plaintiff's motion to vacate the decree * * * is hereby overruled.

On the partnership return of Builders Exchange Building for the taxable year 1952, the amount of $3,600 was claimed as legal expense. Included in this amount were sums paid to attorneys for legal services in connection with the divorce action totaling $2,625. A portion of this sum was paid to the attorney representing James E. Walsh in the divorce proceeding and the balance was paid to the attorney representing Anne Walsh in the divorce proceeding. These fees were paid by the partnership and were claimed as deductions for legal expense on the partnership return.

Respondent treated the above payment of attorneys' fees in the sum of $2,625 as an unallowable deduction and increased the dis-

tributable share of each partner in the partnership income by the sum of $1,312.50. There were other adjustments but this adjustment in the partnership income gives rise to the deficiency now in controversy here.

Apparently the petitioners contend the payment of the attorneys' fees was directly related either to the partnership business (and deductible under section 23 (a) (1) (A)) or to the conservation of property held for the production of income (and deductible under section 23 (a) (2)), solely because the divorce complaint prayed that James E. Walsh's property, including his partnership interest in Builders Exchange Building, be awarded to Anne Walsh. We are not told how the legal expense could ever have any direct relationship to the partnership business, which was apparently operating a building. The only argument advanced is that the individual partners would each have a deduction of one-half of the legal expense apparently under section 23 (a) (2) because the divorce action threatened their property which was the source of their income. We need not pursue the farfetched argument advanced for James A. Walsh: That if Anne Walsh was successful in her divorce action against his son, wherein she sought to get his son's property, he would have an inexperienced partner, or there would have to be partition, or he would have to buy out her interest. It is enough to say there was no threat to James A. Walsh's property or property interest by the divorce action.

The issue as to James E. Walsh with respect to the payment of legal expenses incident to his wife's divorce proceedings has been decided against his contention in the prior decisions of this Court. *Joseph Lewis*, 27 T. C. 158; *F. C. Bowers*, 25 T. C. 452, reversed 243 F. 2d 904; *Arthur B. Baer*, 16 T. C. 1418, reversed 196 F. 2d 646.

In our latest pronouncement on the subject in *Joseph Lewis, supra*, we said (p. 165):

Petitioner contends that, accordingly, his attorneys' fees are a deductible expense under section 23 (a) (2). We have held that legal expenses incurred by a husband in resisting financial demands made by his wife incident to divorce proceedings are nondeductible personal expenses rather than expenses paid or incurred for the management, conservation, or maintenance of property held for the production of income. [Citations] * * * we see no reason to depart from it now.

In our Opinion in *F. C. Bowers*, 25 T. C. 452, we declined to follow the reversal of *Arthur B. Baer* in 196 F. 2d 646. Since our Opinion in the *Lewis* case, our Opinion in *F. C. Bowers, supra*, has, as noted above, been reversed by the Court of Appeals for the Sixth Circuit. However, in both cases there was much evidence of the portion of the legal services attributable to the domestic controversy, and the por-

tion attributable to the property settlement, and findings of fact were made in that regard. The reversing opinions held the portions attributable to the property controversy would be deductible. Petitioner did not testify in the instant case and the stipulation would not warrant any finding as to the amount of legal expense attributable to the property settlement. We do learn from the stipulation that a portion of the legal expense consisted of the fees for services of Anne Walsh's attorney. Obviously, such portion would not be expenses incurred in conserving and maintaining income-producing property. We are still of the opinion that legal expenses incurred in divorce actions are personal expenses and hence not deductible. But in any event, petitioner cannot, even under the reversing opinions in the *Baer* and *Bowers* cases, prevail, without some showing as to the amount of legal expenses paid that is attributable to the property controversy. No such showing was made here.

The remaining issue is whether James E. Walsh is entitled to claim the exemption for a spouse under section 25 (b) (1) (A).[1] The parties are in agreement that petitioner's marital status is to be determined as of the close of his taxable year, viz, December 31, 1952.[2] Section 25 (b) (2) (B) provides that "an individual legally separated from his spouse under a decree of divorce or of separate maintenance shall not be considered as married."

The argument of petitioner James E. Walsh is that Anne Walsh had no gross income and was not the dependent of another taxpayer and he and Anne Walsh were still married December 31, 1952, by reason of the fact that Anne had filed a motion to vacate the divorce decree of December 6, 1952, and this was not decided until January 24, 1953. Petitioner cites no authority for his contention that the filing of such a motion would have the effect of setting aside the divorce decree until decision thereon is rendered. Section 107.110 of Oregon Revised Statutes provides, in part, as follows:

(1) A decree declaring a marriage void or dissolved at the suit or claim of either party terminates the marriage as to both parties, except that neither

[1] SEC. 25. CREDITS OF INDIVIDUAL AGAINST NET INCOME.
  (b) CREDITS FOR BOTH NORMAL TAX AND SURTAX.—
    (1) CREDITS.—There shall be allowed for the purpose of both the normal tax and the surtax, the following credits against net income :
      (A) An exemption of $600 for the taxpayer ; and an additional exemption of $600 for the spouse of the taxpayer if a separate return is made by the taxpayer, and if the spouse, for the calendar year in which the taxable year of the taxpayer begins, has no gross income and is not the dependent of another taxpayer ;
[2] SEC. 25. CREDITS OF INDIVIDUAL AGAINST NET INCOME.
  (b) CREDITS FOR BOTH NORMAL TAX AND SURTAX.—

  *       *       *       *       *       *       *

    (2) DETERMINATION OF STATUS.—For the purposes of this subsection—
      (A) the determination of whether an individual is married shall be made as of the close of his taxable year, unless his spouse dies during his taxable year, in which case such determination shall be made as of the time of such death ; * * *

party shall be capable of contracting marriage with a third person until the expiration of six months from the date of the decree or, if an appeal is taken, until the suit is determined on appeal, whichever is later.

Under the plain wording of the decree of December 6, 1952, petitioner James E. Walsh was not married to Anne Walsh on the last day of the taxable year 1952. The filing of the motion to vacate the decree did not have the effect of reviving the marriage contract. Under the statutes, he was not entitled to the exemption for a spouse.

*Decisions will be entered for the respondent in both dockets.*