Daniel David Wollar v. Commissioner.
Wollar v. Commissioner
Docket No. 81199.
United States Tax Court
T.C. Memo 1961-14; 1961 Tax Ct. Memo LEXIS 334; 20 T.C.M. (CCH) 59; T.C.M. (RIA) 61014; January 25, 1961, Decided Daniel David Wollar, pro se. 2013 Touhy Ave., Chicago, Ill. Joel Yonover, Esq., for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion TIETJENS, Judge: The Commissioner determined a deficiency in income tax for the year 1957 in the amount of $370.61. The issues presented for decision are: (1) Whether the petitioner is entitled to a dependency exemption for his daughter; and (2) whether petitioner is entitled to deduct certain attorney fees paid during the taxable year. Findings of Fact The petitioner is an individual residing in Chicago, Illinois. *335 He filed his individual income tax return for the taxable year with the director of internal revenue at Chicago, Illinois. On December 21, 1956, petitioner was found guilty of non-support by the Municipal Court of Evanston, Illinois. The court ordered him "to pay to the Clerk of the Municipal Court for the support of Mary Wollar, his wife, and Julie Waller, his daughter, age five months" the sum of $70 on December 22, 1956, and $70 every two weeks thereafter until further order of the court. The order of the court did not allocate the payments as between wife and daughter. On May 24, 1957, the Municipal Court of Evanston, Illinois, entered a judgment against petitioner for non-support. By order of the court he was placed on probation conditional upon his payment of $30 per week for the use of his wife and daughter until August 24, 1957, and $27.50 per week thereafter. There was no allocation of the support payments as between wife and daughter. The aggregate amount of support payments paid by the petitioner during 1957 was $1,430. The petitioner was charged with larceny, and on February 19, 1957, he was found not guilty by the Municipal Court of Evanston, Illinois, on the charge. *336 On his Federal income tax return for 1957, petitioner deducted $415 which was stated to be "Attorney fees in defending suits and protecting income." Part of this amount was expended for his defense in the larceny action, the remainder represents amounts paid in regard to petitioner's separation from his wife. Opinion The Commissioner determined that petitioner was not entitled to a dependency exemption for his daughter. Petitioner contends that the amounts paid in compliance with the court decree constitute sufficient support of his daughter to allow him to claim her as a dependency exemption. A taxpayer may claim the exemption for a dependent, section 151(e), Internal Revenue Code of 1954, [1] if he has provided over half of the support of the individual for the taxable year section 152, Internal Revenue Code of 1954. [2] The burden is upon the petitioner to prove that he has complied with the statutory requirements. *337 There was no allocation in the decree of support between the amount to be paid to the wife and the amount attributable to the child, and the petitioner presented no other evidence to show the amount of support he provided or the total amount actually required to support the child. Due to the petitioner's failure to prove that he provided the requisite proportion of support, we sustain the Commissioner's determination on this issue. The second issue deals with the deductibility of certain attorney fees paid by petitioner during the taxable year. On brief the petitioner asserts that the attorney fees were "to prevent the curtailment of his income, loss of income producing property, and property settlement costs." In further explanation of this contention petitioner testified that the larceny charge concerned a typewriter and that the attorney fees were necessary "to determine ownership and retain possession of [the] typewriter used by the petitioner in his advertising business efforts and activity." The "property settlement costs" have reference to attorney fees paid in attempting to settle property interests between petitioner and his wife following their separation. *338 To be entitled to a deduction for the attorney fees in respect to the larceny charge, the litigation must have arisen as a "proximate cause" of the business of the petitioner. Commissioner v. Shapiro, 278 F. 2d 556 (C.A. 7, 1960); John W. Clark, 30 T.C. 1330 (1958). Although petitioner did introduce two typewritten pages as evidence of his use of the typewriter, he did not show that he ever derived any income from the advertising business or that the larceny charge was a proximate result of such business. The Commissioner determined that the sums claimed were nondeductible expenses. The evidence of record does not establish otherwise and we hold that the expenses were nondeductible personal expenses. The attorney fees in regard to the property settlement arising out of the separation between petitioner and his wife also are not deductible. In Joseph Lewis, 27 T.C. 158 (1956), affd. 253 F. 2d 821 (C.A. 2, 1958) we held that: legal expenses incurred by a husband in resisting financial demands made by his wife incident to divorce proceedings are nondeductible personal expenses rather than expenses paid or incurred for the management, *339 conservation, or maintenance of property held for the production of income. Also see Lindsay C. Howard, 16 T.C. 157 (1951), affd. 202 F. 2d 28 (C.A. 9, 1953); Thorne Donnelley, 16 T.C. 1196 (1951); Estate of James E. Walsh, 28 T.C. 1274 (1957). Accordingly, the Commissioner's disallowance of such deduction is sustained. Decision will be entered under Rule 50. Footnotes
1. SEC. 151. ALLOWANCE OF DEDUCTIONS FOR PERSONAL EXEMPTIONS. (e) Additional Exemption for Dependents. - (1) In General. - An exemption of $600 for each dependent (as defined in section 152) - * * *
(B) who is a child of the taxpayer and who (i) has not attained the age of 19 at the close of the calendar year in which the taxable year of the taxpayer begins, or (ii) is a student. ↩
2. SEC. 152. DEPENDENT DEFINED. (a) General Definition. - For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) as received from the taxpayer): (1) A son or daughter of the taxpayer, or a descendant of either, * * *↩