WILLIAM J. AND LORETTA C. MARTINO, PETITIONERS *v.*
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 11214–77.    Filed December 28, 1978.

William J. Martino, pro se.
*Robert J. Percy,* for the respondent.

SCOTT, *Judge:* Respondent determined a deficiency in petitioners' income tax for the calendar year 1975 in the amount of $317.88. The only issue for decision is whether petitioners are entitled to deductions for dependency exemptions for their son and his wife for the calendar year 1975.

### FINDINGS OF FACT

Some of the facts have been stipulated and are found accordingly.

Petitioners, husband and wife, who resided in Middletown, Conn., at the time of the filing of the petition herein, filed a joint Federal income tax return for the calendar year 1975 with the Director of the Andover Service Center, Andover, Mass.

Alvin Mangum, the son of Mrs. Martino by a previous marriage, and his wife, Denise Mangum, had been married when

they were approximately 16 years old. In the year 1975 they had two children, Renee, and Brandy who was born in October 1975. During January and February and part of March of 1975, Alvin and Denise and Renee were living with Denise's family in North Carolina and Alvin was doing some part-time work from which he earned a total of $200. In March 1975, Alvin, Denise, and Renee moved into petitioners' household. From that time until September 1975, the three of them lived in petitioners' household and petitioners paid their entire support. Neither Denise nor Alvin received any income during this period. In September 1975, when Alvin became 18 years old, he enlisted in the United States Army and was stationed in Fort Polk, La. Denise and Renee continued to live in petitioners' household and Brandy resided there from the date of his birth in October. From the time of his enlistment until the end of the year 1975, Alvin earned $1,629.54 from the United States Army from which Federal income tax of $13 was withheld. In addition, Alvin received his lodging, meals, and military clothing from the United States Army from the time of his enlistment until the end of the year 1975.

For the year 1975, Alvin and Denise filed a Form 1040A joint Federal income tax return reporting total income of $1,830, all from wages or salaries. On this return, Alvin and Denise reported no income tax due. They showed withholding of $28 and showed the $28 as the amount overpaid, and requested a refund thereof. Mr. Martino actually prepared this return for Alvin and Denise at Alvin's request and, under authority from Alvin, signed Alvin's name to it. Denise signed her own name on the return at Mr. Martino's request. Denise had no income for the calendar year 1975 and over half of her support for that year was paid by petitioners.

Petitioners, on their Federal income tax return, claimed Alvin, Denise, Renee, and Brandy as their dependents and took dependency exemption deductions for all four of them. Respondent, in his notice of deficiency, disallowed the dependency exemptions claimed by petitioners for Alvin and Denise with the explanation that since they filed a joint return the claimed exemptions had been disallowed.

OPINION

Section 151(e)(1), I.R.C. 1954,[1] as applicable to the year 1975, provides that a taxpayer is entitled to an exemption of $750 for each dependent as defined in section 152 whose gross income for the calendar year in which the taxable year of the taxpayer begins is less than $750, or who is a child of the taxpayer who has not attained the age of 19 at the close of the calendar year in which the taxable year of the taxpayer begins, or is a student. Section 151(e)(2) provides that no exemption shall be allowed under section 151 for any dependent who has made a joint return with his spouse under section 6013 for the taxable year beginning in the calendar year in which the taxable year of the taxpayer begins. Section 151(e)(3) defines "child" to include an individual who is a stepson of the taxpayer.

Section 152 defines "dependent" as any of certain specified individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer. Included in the list of individuals who may qualify as dependents is a son or stepson of a taxpayer and a daughter-in-law of a taxpayer.

The record here is clear that petitioners are not entitled to a dependency exemption for Alvin. Although Alvin was the son of Mrs. Martino and the stepson of Mr. Martino and had not attained the age of 19 at the close of the calendar year, the evidence does not show that petitioners paid more than one-half of his support for the calendar year 1975. Therefore, he is not a dependent of the petitioners within the meaning of section 152. Alvin lived with Denise's family for something over 2 months of

---

[1]All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise noted.

Sec. 151(e) provides in part as follows:

(e) ADDITIONAL EXEMPTION FOR DEPENDENTS.—

(1) IN GENERAL.—An exemption of $750 for each dependent (as defined in section 152)—

(A) whose gross income for the calendar year in which the taxable year of the taxpayer begins is less than $750, or

(B) who is a child of the taxpayer and who (i) has not attained the age of 19 at the close of the calendar year in which the taxable year of the taxpayer begins, or (ii) is a student.

(2) EXEMPTION DENIED IN CASE OF CERTAIN MARRIED DEPENDENTS.—No exemption shall be allowed under this subsection for any dependent who has made a joint return with his spouse under section 6013 for the taxable year beginning in the calendar year in which the taxable year of the taxpayer begins.

(3) CHILD DEFINED.—For purposes of paragraph (1)(B), the term "child" means an individual who (within the meaning of section 152) is a son, stepson, daughter, or stepdaughter of the taxpayer.

the calendar year 1975 and was in the military service for over 3 months of that year. The record therefore shows that for approximately 6 months of the year petitioners paid no support for Alvin and paid his full support for the other 6 months. However, the record is totally silent as to whether Alvin's support was greater or less in the 6 months he lived with petitioners than it was for the approximately 2½ months he lived with Denise's family and for the approximately 3½ months he was in the military service. We therefore conclude that petitioners are not entitled to a dependency exemption for Alvin for the calendar year 1975 since they have failed to show that they paid over half of his support for the year.

The situation is different with respect to Denise. Respondent conceded on the record that petitioners paid over one-half of Denise's support in 1975 and that, because she is Mrs. Martino's daughter-in-law, petitioners would be entitled to claim a dependency exemption deduction for her except for the fact that she filed a joint return with her husband Alvin.

Section 151(e)(2) denies an exemption to a taxpayer for a dependent who has made a joint return with his spouse under section 6013 for the taxable year. Section 6013(a) provides that a husband and wife may make a single return jointly even though one of the spouses has neither gross income nor deductions with certain exceptions not applicable here. Here, Denise had no income and therefore was not required by law to file a return. Alvin had gross income of $1,830. Section 6012(a), as applicable to the taxable year 1975,[2] provides that every individual having

---

[2]Sec. 6012(a) provides in part as follows:

SEC. 6012. PERSONS REQUIRED TO MAKE RETURNS OF INCOME.

(a) GENERAL RULE.—Returns with respect to income taxes under subtitle A shall be made by the following:

(1)(A) Every individual having for the taxable year a gross income of $750 or more, except that a return shall not be required of an individual (other than an individual referred to in section 142(b))—

(i) who is not married (determined by applying section 143), is not a surviving spouse (as defined in section 2(a)), and for the taxable year has a gross income of less than $2,350,

(ii) who is a surviving spouse (as so defined) and for the taxable year has a gross income of less than $2,650, or

(iii) who is entitled to make a joint return under section 6013 and whose gross income, when combined with the gross income of his spouse is, for the taxable year, less than $3,400 but only if such individual and his spouse, at the close of the taxable year, had the same household as their home.

Clause (iii) shall not apply if for the taxable year such spouse makes a separate return or any other taxpayer is entitled to an exemption for such spouse under section 151(e).

(B) The amount specified in clause (i) or (ii) of subparagraph (A) shall be increased by $750 in

for the taxable year gross income of $750 or more is required to file a return, except that an individual who is not married and who has a gross income of less than $2,350, or who is entitled to make a joint return under section 6013 and whose gross income when combined with the gross income of his spouse is less than $3,400, is not required to file a return. However, this section further states that the provision relieving persons entitled to make a joint return under section 6013 whose gross income is less than $3,400 from filing a return "shall not apply if for the taxable year such spouse makes a separate return or any other taxpayer is entitled to an exemption for such spouse under section 151(e)."

From these provisions it is clear that Alvin and Denise were not required to file a return for 1975 since they were entitled to file a joint return under section 6013 and their combined gross income was less than $3,400, unless this provision was inapplicable to them because of one spouse making a separate return or another taxpayer being entitled to an exemption for such spouse under section 151(e). Therefore, in this case, unless the joint return filed by Alvin and Denise is considered as a separate return of Alvin or we have concluded—which we have not—that petitioners were entitled to a dependency exemption for Alvin, Denise's spouse, there would be no requirement that Alvin and Denise file a return for 1975.

Rev. Rul. 54–567, 1954–2 C.B. 108, held that where a taxpayer had contributed more than 50 percent of the support of his son and his son's wife, a dependency credit for them would be allowed to the taxpayer even though the son and his wife filed a joint return where neither was required to file an income tax return for such year because of not having gross income in excess of $600. The concluding paragraph of the revenue ruling is as follows (at page 109):

> The son and his wife in this case were not required under section 51 of the Code to file a joint return. The return form which was filed is not regarded as "a joint return with his spouse under section 51" for the purpose of the

---

the case of an individual entitled to an additional personal exemption under section 151(c)(1), and the amount specified in clause (iii) of subparagraph (A) shall be increased by $750 for each additional personal exemption to which the individual or his spouse is entitled under section 151(c);

(C) Every individual having for the taxable year a gross income of $750 or more and to whom section 141(e) (relating to limitations in case of certain dependent taxpayers) applies.

exemption set forth in section 25(b)(1)(D) of the Code but instead constitutes a claim for refund within the scope of section 322 of the Code. Accordingly, it is held that the taxpayer may claim his son and his daughter-in-law as his dependents for Federal income tax purposes provided the other requirements for a dependency credit are met.[3]

After this ruling had been issued, this Court had under consideration a case involving dependency exemptions claimed by an individual for his son and his son's wife for the year 1946. The facts showed that the combined income of the son and his wife for the year 1946 was a little over $300, but that they had filed a joint return for the year 1946. We held that the taxpayer was not entitled to the claimed dependency exemptions deduction since the return filed by the son and his wife constituted not only a claim for refund but also a return. We quoted the applicable provision of the regulations and concluded that the regulations were clear that in order for a Form 1040 to be treated as a claim for refund it must also be a return. On this basis, we concluded that the claimed dependency exemptions deduction should be disallowed.[4]

Rev. Rul. 65–34, 1965–1 C.B. 86, was issued by respondent in which he stated that the Service would not rely on the decision in the case of *Hicks v. Commissioner*, T.C. Memo. 1957–24, to disallow a dependency exemption otherwise allowable where joint returns are filed by the dependent and his spouse merely as a claim for refund. This revenue ruling stated in part (at page 87):

> In the *Hicks* case, while determining that no assessment for the year 1946 in which the dependency exemptions involved therein were claimed could be made because of the expiration of the statute of limitations, the Tax Court took the position that for Form 1040, U.S. Individual Income Tax Return, to be treated as a claim for refund it must also be a return and, since the Form 1040 that was filed jointly was a return, neither of the persons filing it could be claimed as a dependent by a third party.
>
> Since the Court's determination with respect to the statute of limitations effectively disposed of the dependency exemptions claimed for 1946, the Service considers the Court's position regarding the status of the return as dicta.
>
> Therefore, the Service will not rely on the decision in the case of *Vonnie M. Hicks v. Commissioner*, T.C. Memo. 1957–24, to disallow a dependency

---

[3]The references to Code sections in this quotation are to sections of the Internal Revenue Code of 1939.

[4]This case is *Hicks v. Commissioner*, T.C. Memo. 1957–24, 16 T.C.M. 108, 117, 122–123, 26 P-H Memo T.C. par. 57,024, pp. 89, 98, 102–103.

exemption otherwise allowable, solely because a joint return is filed by the dependent and his spouse merely as a claim for refund and where no tax liability would exist for either spouse on the basis of separate returns. It will continue to adhere to the position taken in Revenue Ruling 54–567.

Alvin and Denise would not have been required to file a joint return except for the purpose of claiming a refund. It is clear that since Denise had no income she would have no liability had she filed a separate return. Therefore, the situation here falls squarely within respondent's ruling if no tax liability exists for Alvin on the basis of a separate return. Petitioners claimed that it was merely a mistake on the part of Mr. Martino who made out Alvin's and Denise's return that it was filed as a joint return since there would be no tax due by Alvin as a married taxpayer filing separately. Petitioners are correct in their contention that there would be no tax due by Alvin had he filed as a married taxpayer filing separately. Under the law as applicable to the taxable year 1975, Alvin would have been entitled to a $750 exemption for himself (sec. 151(b)) and to a low income credit of $950 (sec. 141(c)).[5] This would leave Alvin with $130 of taxable income. Section 1(d) provides that where taxable income is not over $500 the tax is 14 percent of the taxable income. Therefore, Alvin's tax before the general tax credit would have been $18.20.

However, section 42,[6] as effective only for taxable years ending in 1975, provided that in the case of an individual there shall be allowed as a credit against the income tax imposed for the taxable year $30 multiplied by each exemption to which the taxpayer is entitled under section 151(e).[7] Had Alvin filed as a

---

[5]Sec. 141(c), as applicable only to the taxable year 1975, provided as follows:

SEC. 141. STANDARD DEDUCTION

(c) Low Income Allowance.—The low income allowance is—

    (1) $1,900 in the case of—

        (A) a joint return under section 6013, or

        (B) a surviving spouse (as defined in section 2(a)),

    (2) $1,600 in the case of an individual who is not married and who is not a surviving spouse (as so defined), or

    (3) $950 in the case of a married individual filing a separate return.

[6]Sec. 42(a) provides as follows:

SEC. 42. CREDIT FOR PERSONAL EXEMPTIONS.

(a) General Rule.—In the case of an individual, there shall be allowed as a credit against the tax imposed by this chapter for the taxable year $30, multiplied by each exemption for which the taxpayer is entitled for the taxable year under subsection (b) or (e) of section 151.

[7]Sec. 42(a), as quoted in n. 6, was a new addition to the Code made by Pub. L. 94–12, sec. 203(a), for taxable years beginning after 1974 and it ceased to apply to taxable years ending after 1975. Sec. 42, as applicable to 1976 and subsequent years, provided for a credit against the income tax in an amount

married individual filing a separate return, he would have owed no tax for the year 1975. Therefore, the conclusion reached by respondent in Rev. Rul. 65–34, *supra*, that a dependency exemption should not be disallowed to a taxpayer where it was otherwise allowable solely because a joint return was filed by the dependent and his spouse merely as a claim for refund and where no tax liability would exist for either spouse on the basis of a separate return, appears to be applicable here. As pointed out above, no return was required by Alvin and Denise since they were entitled to file jointly and had less than $3,400 income. Also, as pointed out above, no tax liability would have existed for either Alvin or Denise on the basis of a separate return.

We must therefore determine whether we will now accept the position of respondent taken in his Rev. Ruls. 54–567 and 65–34, *supra*, or adhere to the position we took that a return is first a return before it is a claim for refund.[8]

Section 301.6402–3, Proced. & Admin. Regs.,[9] applicable prior to June 30, 1976, provides in part:

Sec. 301.6402–3 Special rules applicable to income tax.

(a)(1) In the case of income tax, claims for refund may not only be made on Form 843 but may also be made on any individual, fiduciary, or corporation income tax return, or on any amended income tax return.

(2) In the case of an overpayment for a taxable year of an individual for which a Form 1040 or Form 1040A has been filed, claim for refund may be made on Form 1040X ("Amended U.S. Individual Income Tax Return"). In cases to which this subparagraph applies, the taxpayer is encouraged to use Form 1040X.

(b)(1) A properly executed individual, fiduciary, or corporation income tax

---

equal to 2 percent of the taxpayer's taxable income for the year but not in excess of a specified amount for each exemption.

[8]There have been a number of cases which we have decided since the issuance of Rev. Rul. 65–34, 1965–1 C.B. 86, but none have involved this precise issue. See, e.g., *Scott v. Commissioner*, T.C. Memo. 1976–340, in which we pointed out that because the joint return of the claimed dependent showed a tax liability, Rev. Rul. 65–34, *supra*, does not apply; *Tamary v. Commissioner*, T.C. Memo. 1974–35, in which a self-employment tax was due on the joint return filed by the claimed dependents and separate returns would have been required from each if a joint return had not been filed; *Lowe v. Commissioner*, T.C. Memo. 1974–147; *Donohue v. Commissioner*, T.C. Memo. 1970–190.

[9]Sec. 301.6402–3(a)(1) and (2), Proced. & Admin. Regs., as now in effect provides:

Sec. 301.6402–3 Special rules applicable to income tax.

(a) In the case of a claim for credit or refund filed after June 30, 1976—

(1) In general, in the case of an overpayment of income taxes, a claim for credit or refund of such overpayment shall be made on the appropriate income tax return.

(2) In the case of an overpayment of income taxes for a taxable year of an individual for which a Form 1040 or 1040A has been filed, a claim for refund shall be made on Form 1040X ("Amended U.S. Individual Income Tax Return").

return shall, at the election of the taxpayer, constitute a claim for refund or credit within the meaning of section 6402 and section 6511 for the amount of the overpayment disclosed by such return. For purposes of section 6511, such claim shall be considered as filed on the date on which such return is considered as filed, except that if the requirements of sec. 301.7502–1, relating to timely mailing treated as timely filing, are met the claim shall be considered to be filed on the date of the postmark stamped on the cover in which the return was mailed.

(2) An election to treat the return as a claim for refund or credit shall be evidenced by a statement on the return setting forth the amount determined as an overpayment and advising whether such amount shall be refunded to the taxpayer or shall be applied as a credit against the taxpayer's estimated income tax for the taxable year immediately succeeding the taxable year for which such return is filed. If the taxpayer elects to have all or part of the overpayment shown by his return applied to his estimated income tax for his succeeding taxable year, no interest shall be allowed on such portion of the overpayment credited and such amount shall be applied as a payment on account of the estimated income tax for such year or the installments thereof.

While paragraphs (b)(1) and (2) of this regulation are in general comparable to the regulation discussed in the *Hicks* case, paragraphs (a)(1) and (2) of the regulation applicable to the year 1975, which did not appear in the regulation applicable in the *Hicks* case, indicate that an income tax return may constitute a claim for a refund rather than a return. This is in effect the interpretation given to the applicable regulations in Rev. Ruls. 54–567 and 65–34, *supra.*

We therefore conclude that in substance the Form 1040A filed by Alvin and Denise as a joint return, which claimed a refund for all withheld tax, was a claim for refund rather than a return. Denise was not required to file a return and no tax liability for the year 1975 existed for either Denise or Alvin on the basis of a married individual filing separately. We therefore accept the position of respondent in Rev. Rul. 65–34, *supra,* and conclude that in substance the Form 1040A, though filed by both Alvin and Denise, was merely a claim for refund by them of all tax withheld from income Alvin had earned during the year 1975. We therefore hold that petitioners are entitled to a deduction for a dependency exemption for Denise for the taxable year 1975.

*Decision will be entered under Rule 155.*