**Max SCHNEIER, Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 83–7533.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 6, 1984.

Decided June 15, 1984.

Gregory E. Smith, Las Vegas, Nev., for respondent-appellee.

Richard G. McCrackern, Davis, Cowell & Bowe, San Francisco, Cal., Dennis M. Sabbath, Las Vegas, Nev., for petitioner-appellant.

Before WRIGHT, FERGUSON and REINHARDT, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

We consider here whether 26 U.S.C. § 152(e)(2)(A) prevents a stepfather from claiming dependent exemptions for his

stepchildren even though he provided over half their support. The tax court upheld the Commissioner's determination that the natural father was entitled to the exemptions pursuant to a divorce decree under which he had made the required support payments.

FACTS

Prior to 1978, Judy Schneier divorced her first husband, Stephen Stackel. The separation agreement provided that, if Stackel made the required support payments, he could claim dependent exemptions for their two children. During 1978, Stackel paid $5,600 for child support. He claimed the exemptions for both children for that year.

In 1978 Judy Schneier was married to appellant, Mr. Schneier. Her children lived with them during that year, and Schneier provided more than half of the children's support. Schneier also claimed exemptions for the children on the marital community's joint 1978 return.

The Commissioner disallowed the Schneiers' dependent exemptions and assessed a deficiency of $523. Only Mr. Schneier filed a petition for redetermination in tax court, apparently because he and Mrs. Schneier were separated or divorced when the Commissioner assessed the deficiency. The tax court upheld the Commissioner's deficiency determination, and Schneier appealed.

ANALYSIS

■ This case requires us to interpret the dependency exemption provisions of the Internal Revenue Code, 26 U.S.C. §§ 151–152. There are no disputed issues of fact. We review the tax court's legal conclusions de novo. *Confederated Tribes v. Kurtz*, 691 F.2d 878, 880 (9th Cir.1982), *cert. denied*, 460 U.S. 1040, 103 S.Ct. 1433, 75 L.Ed.2d 792 (1983).

Section § 151(e) provides an exemption for each of a taxpayer's dependents. For purposes of this section, a taxpayer must provide over half the support of any dependent during the calendar year in order to claim the exemption. 26 U.S.C. § 152(a).

Section 152(e) provides special rules for determining who provided support for a child of divorced parents. The noncustodial parent may claim an exemption for a child if: (1) the divorce decree or a written agreement so provides; and (2) the noncustodial parent pays at least $600 in support for that child during the year. *Id.* at (e)(2)(A). Section 152(e) applies only if the child's parents separately or jointly provide over half of his or her support. § 152(e)(1)(A).

Here, the IRS and the tax court determined that Stackel, not Schneier, was entitled to claim exemptions for the children. Schneier contends that section 152(e) was incorrectly applied because he, not the children's natural parents, provided over half the children's support in 1978.

Neither section 152(e) nor the accompanying regulations discusses whether a stepparent's support is attributed to his or her spouse, who is a natural parent, for purposes of determining whether parents provide more than half of a child's support. No court has squarely addressed the issue.

The Commissioner has determined that child support furnished by a stepparent is attributable to the parent-spouse for purposes of section 152(e). Rev.Rul. 78–91, 1978–1 C.B. 36. Under this interpretation, section 152(e) applies when parents *and* their new spouses furnish over half of a child's support, even though a stepparent actually furnished more than half of the child's support. *Id.*

The 1978 revenue ruling reversed an earlier ruling, Rev.Rul. 71–19, 1971–1 C.B. 43, which adopted Schneier's position. The Commissioner had already revoked the earlier ruling and had held that the stepparent's support would be attributed to the spouse for the purpose of meeting the section 152(e)(2)(B) support requirement. Rev. Rul. 73–175, 1973–1 C.B. 58.

■ Because the Commissioner promulgated Rev.Rul. 78–91 before Schneier filed his return, Rev.Rul. 78–91 governed Schneier's 1978 exemptions. *See also* 26 U.S.C. § 7805(b); *Manocchio v. Commissioner*,

710 F.2d 1400, 1403 (9th Cir.1983) (revenue rulings presumed retroactive unless Commissioner specifically states otherwise).

■ Revenue rulings do not have the force of law. *Confederated Tribes v. Kurtz,* 691 F.2d at 881 n. 2. They aid our interpretation of the dependency provisions, however, by pointing out "the trend of opinion among administrators familiar with the tax laws." *Id.*

We agree with the Commissioner's holding in Rev.Rul. 78–91. Congress enacted section 152(e) in 1967 to remedy problems existing with the prior system, which awarded an exemption for a child to the parent who could prove that he or she provided more than half of the child's support. *See* S.Rep. No. 488, 90th Cong., 1st Sess. 2–3, *reprinted in* 1967 U.S.Code Cong. & Ad.News 1527, 1528–30.

Congress noted that the old scheme created difficult problems of proof, often made the IRS an arbiter between angry divorced parents, and unduly clogged administrative machinery with many cases involving small amounts of money. To permit stepparents to circumvent section 152(e) by proving that they, not the parents, provided over half the children's support would resurrect the problems that led Congress to enact section 152(e). "An interpretation so completely at variance with the declared legislative purpose should not be adopted unless required by the plain terms of the statute." *Colton v. Commissioner,* 56 T.C. 471, 475 (1971).

Moreover, Congress enacted section 152(e)(2)(A) so that state courts could take the dependent exemptions into account when making financial arrangements between divorcing parents. *See* S.Rep. No. 488, *supra,* at 3–4. *See generally Boucher v. Commissioner,* 710 F.2d 507, 512 (9th Cir.1983) (parties have great freedom to determine tax consequences of divorce). This purpose would be frustrated by permitting a parent's new spouse to claim the exemption.

One child may in a few instances produce more than one exemption. *See* 26 U.S.C. § 151(e)(2) (married child filing separately may be claimed as dependent and may claim personal exemption); *Martino v. Commissioner,* 71 T.C. 456, 464 (1978) (same is true if married child files joint return solely to obtain refund); 26 C.F.R. § 1.152–1(c) (student child may be claimed as dependent and may claim personal exemption).

Our situation is not analogous. In none of the instances in which a single child produces two exemptions does that child produce two *dependent* exemptions. Moreover, if the parents had not been divorced, only one exemption could be claimed for each child. *See* 26 U.S.C. § 151(e). Congress has not manifested an intent to permit more than one dependent exemption to be claimed for a child simply because his or her parents are divorced.

CONCLUSION

The tax court correctly upheld the Commissioner's disallowance of Schneier's dependent exemptions and deficiency assessment.

Because of our holding, we do not reach the issue whether half the support provided by Schneier should be attributed to Judy Schneier under California's community property laws.

We have reviewed Schneier's constitutional arguments and find them without merit.

AFFIRMED.