RICHARD WAYNE NUSS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Nuss v. Commissioner
Docket No. 28759-81.
United States Tax Court
T.C. Memo 1984-512; 1984 Tax Ct. Memo LEXIS 163; 48 T.C.M. (CCH) 1221; T.C.M. (RIA) 84512; September 25, 1984. Richard Wayne Nuss, pro se. David G. Hendricks, for the respondent. WILES MEMORANDUM OPINION WILES, Judge: Respondent determined the following deficiencies in, and additions to, petitioner's Federal income taxes: Addition to Tax
Year
Deficiency
Sec. 6653(a) [1]
1978
$149
$7.45
1979
177
8.85
1980
833
41.65
The issues for decision are: (1) Whether petitioner is entitled to a dependency exemption deduction for his *166 stepdaughter in 1978 and 1979; (2) whether he is entitled to a dependency exemption deduction for his stepson in 1980; (3) whether he is entitled to a dependency deduction or spousal exemption for his former wife in 1980; (4) whether he and his former wife may file a joint return in 1980; and (5) whether petitioner is liable for the section 6653(a) addition to tax. Some of the facts have been stipulated and are found accordingly. Richard Wayne Nuss (hereinafter Richard or petitioner) resided in Midwest City, Oklahoma, when he filed his petition herein.Prior to 1980, petitioner was married to Clare Nuss (hereinafter Clare) and they filed joint Federal income tax returns for 1978, 1979, and 1980 with the Internal Revenue Service Center in Austin, Texas. Prior to her marriageto petitioner, Clare was married to Michael Brown (hereinafter Brown) and they had two children, Traci and Michael. Clare and Brown were divorced in Oklahoma on November 7, 1975. The divorce decree granted Clare custody of the children, and Brown was ordered to provide child support of $150 ($75 per child) per month. The separation agreement, adopted by the Oklahoma divorce court and incorporated *167 into the decree of divorce, provides that Brown is entitled to claim the section 151 exemption for Traci, and that Clare is entitled to claim the section 151 exemption for Michael. Richard was unaware of this agreement during his marriage to Clare. On their 1978 and 1979 returns, petitioner and Clare claimed section 151 exemptions for both Traci and Michael. On their 1980 return, they claimed a section 151 exemption for Michael only. Although he offered no specific evidence of the amounts they paid, petitioner and Clare each provided some of Traci's and Michael's support during the years in issue. Brown, however, provided over $600 of Traci's support during 1978 and 1979. Section 151(b) allows personal exemption deductions for a taxpayer and his spouse. [2] Section 151(e) provides an additional exemption for each of the taxpayer's dependents, including a stepson or stepdaughter, when over half of their support during the taxable year is paid by the taxpayer. Sec. 152(a)(2). Section 152(e), however, provides special rules in the case of children of divorced parents. Generally, the divorced parent having custody for the longer period of time during the year is treated *168 as providing over half of the child's support and is entitled to claim the dependency exemption deduction. Sec. 152(e)(1).However, where the decree of divorce grants the noncustodial parent the section 151 deduction and the noncustodial parent provides at least $600 for the support of such child, the noncustodial parent is treated as providing over half of the child's support and is entitled to claim the dependency exemption deduction. Sec. 152(e)(2)(A). Because the decree of divorce granted Brown the dependency exemption deduction and Brown provided at least $600 for Traci's support during 1978 and 1979, Brown is deemed to have provided over half of Traci's support. Petitioner therefore is not entitled to claim the dependency exemption attributable to Traci for the years 1978 and 1979. Sec. 152(e)(2)(A); Schneier v. Commissioner,735 F. 2d 375, 377 (9th Cir. 1984), affg. a Memorandum Opinion of this Court. We find no merit in petitioner's apparent argument that he is entitled to the section *169 151 deduction because he in fact provided over half of Traci's support during 1978 and 1979.Even if he proved that he provided such support, he would not be entitled to the deductions. Schneier v. Commissioner,supra;McClendon v. Commissioner,74 T.C. 1 (1980). Accordingly, petitioner is not entitled to deduct the section 151 dependency exemption for Traci during any of the years in issue. Richard and Clare were divorced on September 9, 1980. Nevertheless, they executed a joint return for their 1980 taxable year. On that return petitioner deducted the section 151 exemption for Michael and also claimed an exemption for Clare. Petitioner, Brown, and Clare each contributed to Michael's support during 1980. Section 143(a)(1) provides that the determination of whether a taxpayer is married is to be made at the end of his taxable year. Pursuant to section 143(a)(2), an individual legally separated from his spouse under a decree of divorce or separate maintenance is not considered married. The law of the state of the parties' marital domicile controls whether a taxpayer is "legally" separated from his spouse. Cf. Dunn v. Commissioner,70 T.C. 361 (1978), *170 affd. without published opinion 601 F. 2d 599 (3d Cir. 1979). Under applicable Oklahoma law, where no part of a divorce decree is appealed, the divorce shall be final and take effect from the date the decree of divorce is rendered, provided neither party thereto may marry another person until six (6) months after the date of the decree of divorce is rendered * * *. [Okla. Stat. Ann. tit. 12, sec. 1282 (West Supp. (1981).] Petitioner claims that because he could not marry another until six months after September 9, 1980, he was still married to Clare at the close of 1980. We disagree. Because no appeal was filed, under the plain language of the Oklahoma statute, petitioner was legally separated from Clare on September 9, 1980, prior to the close of his 1980 taxable year. See Walsh v. Commissioner,28 T.C. 1274, 1278 (1957). Therefore, it was incorrect to file a joint return for the 1980 taxable year. Secs. 6012; 6013(a) and (d)(2); 143. Moreover, pursuant to section 152(a)(9), [3] Clare does not qualify as petitioner's "dependent" during 1980 and therefore petitioner may not claim a deduction or exemption for her for the 1980 taxable *171 year. Hamilton v. Commissioner,68 T.C. 603 (1977). See Walsh v. Commissioner,supra.
We must next determine whether petitioner is entitled to deduct Michael's dependency exemption for 1980. Because Michael was a member of petitioner's household and his principal place of abode was petitioner's home during 1980, Richard would be able to claim the section 151 deduction for Michael if he proves that he provided over half of Michael's support in that year. Sec. 152(a)(9). However, because Michael was in the Clare's custody for over half of 1980, if Clare and Brown provided over half of Michael's support in that year, Clare would be deemed to have provided over half of Michael's support, and would be entitled to claim the exemption for him on her 1980 individual return. *172 Sec. 152(e)(1). Respondent's determination is presumptively correct, and petitioner bears the burden of proof. Rule 142(a), Tax Court Rules of Practice and Procedure.Welch v. Helvering,290 U.S. 111, 115 (1933).In order to prove he provided over half of Michael's support, Richard must demonstrate or otherwise produce evidence from which we may reasonably infer the total amount of Michael's support furnished from all sources during 1980. Blanco v. Commissioner,56 T.C. 512, 514-515 (1971); Sec. 1.152-1(a)(2)(i), Income Tax Regs. He has failed to do so.There is no evidence in this record to determine either the total amount of support furnished Michael or the amount provided by Richard. Therefore, petitioner is not entitled to the dependency exemption for Michael for the year 1980. The last issue is whether petitioner is liable for the section 6653(a) addition to tax for negligence or intentional disregard of respondent's rules or regulations in 1978, 1979 and 1980. Respondent's determination is presumptively correct, and petitioner bears the burden of proof as to the addition. Rule 142(a), Tax Court Rules of Practice and Procedure; Enoch v. Commissioner,57 T.C. 781, 802 (1972). *173 Petitioner's sole argument is that he was unaware of the terms of the divorce decree between Clare and Brown which gave Brown Traci's section 151 exemption deduction. Petitioner's failure to ascertain the terms of Clare's divorce decree is evidence of negligence. Petitioner having presented no evidence to the contrary, we must hold for respondent on this issue. Meneguzzo v. Commissioner,43 T.C. 824, 836 (1965). To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. All references to sections shall be to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, unless otherwise indicated.↩
2. For taxable years beginning after December 31, 1978, the Revenue Act of 1978, P.L. 95-600, 92 Stat. 2763, increased the individual exemption from $750 to $1,000.↩
3. Section 152(a)(9) provides that the term "dependent" means: An individual (other than an individual who at any time during the taxable year was the spouse, determined without regard to section 143, of the taxpayer) who, for the taxable year of the taxpayer, has as his principal place of abode the home of the taxpayer and is a member of the taxpayer's household.↩